**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **NICHOLAS AYALA,** Individually and on behalf of all others similarly situated, | § Civil Action No. _____ § § § **JURY TRIAL DEMANDED** |
| *Plaintiff,* | § § |
| v. | § **COLLECTIVE ACTION** § **PURSUANT TO 29 U.S.C. § 216(b)** |
| **WASTE MANAGEMENT OF ARIZONA, INC.** | § § |
| *Defendant.* | § **CLASS ACTION PURSUANT TO** § **FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Nicholas Ayala, on behalf of himself and all current and former Waste Disposal Drivers (hereinafter "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members" or "Plaintiff and the Arizona Class Members") who worked for Waste Management of Arizona, Inc., at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs under Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended, and the Arizona Wage Act, A.R.S. §§ 25-310, *et seq.*

Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his respective Arizona state-law claim is asserted as a class action under Federal Rule of Civil Procedure 23(b)(3) ("Rule 23").

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a Rule 23 class action pursuant to the laws of Arizona.

2. Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees of Waste Management of Arizona, Inc. ('Waste Management") who have worked as Waste Disposal Drivers and were responsible for hauling waste and garbage to the appropriate facilities—such as landfill and transfer facilities—throughout Arizona at any time during the relevant statutes of limitation.

3. Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek.

4. During the relevant time period, Waste Management knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty each week on a routine and regular basis.

5. Specifically, Waste Management's regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of 40 hours (not counting hours worked off-the-clock)—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their respective meal-period breaks.

6. The effect of Waste Management's practice was (and is) that all time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, Waste Management has failed to properly calculate and compensate Plaintiff and the Putative Class Members for all of their hours worked and overtime under the FLSA and Arizona state law.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Arizona state law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under the Arizona class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Ayala designated herein be named as the Class Representative for the Arizona Class.

## II.
## PARTIES

11. Plaintiff Nicholas Ayala ("Ayala") was employed by Waste Management of Arizona, Inc. during the relevant time period. Plaintiff Ayala did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former Waste Disposal Drivers who were employed by Waste Management of Arizona, Inc., at any time from January 17, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Ayala worked and was paid.

13. The Arizona Class Members are those current and former Waste Disposal Drivers who were employed by Waste Management of Arizona, Inc. in Arizona at any time from January 17,

---

[1] The written consent of Nicholas Ayala is attached hereto as Exhibit A.

2018 through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff Ayala worked and was paid.

14. Defendant Waste Management of Arizona, Inc. ("Waste Management") is a foreign for-profit company, licensed to and doing business in Texas, with its corporate headquarters located in Houston, Harris County, Texas. Waste Management of Arizona, Inc. may be served with process by serving: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.**

## III.
## JURISDICTION & VENUE

15. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. §§ 201–19.

16. This Court has supplemental jurisdiction over the Arizona state law claim pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over Waste Management because Waste Management maintains its principal office in this District and Division.

18. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Waste Management maintains its corporate headquarters in Houston, Texas, which is within this District and Division.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

# IV.
# FACTS

21. On information and belief, Waste Management of Arizona, Inc. is a wholly owned subsidiary of Waste Management, Inc., and provides waste disposal services under the Waste Management trade name umbrella in the state of Arizona.

22. To provide these services, Waste Management employed (and continues to employ) numerous Waste Disposal Drivers—including Plaintiff and the individuals that make up the FLSA Collective and the Arizona Class.

23. While exact job titles may differ, Waste Management's waste disposal drivers were (and continue to be) subjected to the same or similar illegal pay practices for similar work.

24. Plaintiff and the Putative Class Members' primary job duties consisted of driving waste disposal trucks, hauling waste, recycling, and other refuse to various landfill or disposal sites throughout Arizona.

25. Waste Management has a corporate policy and practice of automatically deducting 30 minutes a day for a meal-period break from the "on-the-clock" hours of its waste disposal drivers.

26. Waste Management made this deduction despite its actual knowledge that Plaintiff and the Putative Class Members did not take a meal-period break, and instead continued driving their respective routes for Waste Management's benefit during the alleged meal breaks.

27. Plaintiff and the Putative Class Members were not allowed to report that they actually worked through lunch in order to receive the compensation to which they were entitled, which would have been overtime compensation when Plaintiff and the Putative Class Members worked more than forty hours in that week—which they did the majority of their workweeks.

28. As a result of Waste Management's policy and practice of automatically deducting a 30-minute meal-period break, Plaintiff and the Putative Class Members were not compensated for all hours worked in excess of forty in a workweek at the rates required by the FLSA.

29. Indeed, Plaintiff and the Putative Class Members worked an additional 2.5 or more overtime hours each week for which they did not receive any compensation, including their overtime compensation.

30. Waste Management has employed, and currently employs, other individuals throughout the state of Arizona who performed (and continue to perform) the same or similar job duties under the same pay provisions as Plaintiff Ayala.

31. Waste Management was aware of its obligation to pay the proper amount of overtime to Plaintiff and the Putative Class Members and failed to do so for all hours worked over forty (40) each workweek.

32. Waste Management knew Plaintiff and the Putative Class Members were not paid for their daily meal-period breaks—breaks that Waste Management knew Plaintiff and the Putative Class Members worked through—and Waste Management did not correct this illegal practice or offer any back pay.

33. Instead, Waste Management knowingly, willfully, and with reckless disregard carried out its illegal pattern or practice of failing to pay the proper amount of overtime compensation for all hours worked over forty each week with respect to Plaintiff and the Putative Class Members.

34. Accordingly, Waste Management's pay policies and practices violated (and continue to violate) the FLSA and Arizona state law.

# V.
# CAUSES OF ACTION

## COUNT ONE
(Collective Action Alleging FLSA Violations)

**A.  FLSA COVERAGE**

35. All previous paragraphs are incorporated as though fully set forth herein.

36. The FLSA Collective is defined as:

**ALL WASTE DISPOSAL DRIVERS WHO WORKED FOR WASTE MANAGEMENT OF ARIZONA, INC., AT ANY TIME FROM JANUARY 17, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

37. At all times hereinafter mentioned, Waste Management has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

38. At all times hereinafter mentioned, Waste Management has been an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

39. At all times hereinafter mentioned, Waste Management has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

40. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Waste Management, these individuals have provided services for Waste Management that involved interstate commerce for purposes of the FLSA.

41. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

42. Specifically, Plaintiff and the FLSA Collective Members worked (and continue to work) with vehicles and their component parts, fuel them with gasoline, and use radios, paper, office supplies and other materials that have been moved in interstate commerce.

43. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

44. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 36.

45. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Waste Management.

**B. FAILURE TO PAY WAGES PURSUANT TO THE FLSA**

46. All previous paragraphs are incorporated as though fully set forth herein.

47. Waste Management violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such non-exempt employees for hours worked in excess of 40 hours per week at rates at least one and one-half times the regular rates for which they were employed.

48. Moreover, Waste Management knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

49. Waste Management knew or should have known its pay practices were in violation of the FLSA.

50. Waste Management is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

51. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Waste Management to pay them according to the law.

52. The decision and practice by Waste Management to not pay Plaintiff and the FLSA Collective Members the proper amount of overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

53. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of 40 hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rates of pay, plus liquidated damages, attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

54. All previous paragraphs are incorporated as though fully set forth herein.

55. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Waste Management's respective current and/or former employees who are (or were) similarly situated to Plaintiff with regard to the work they have performed and the manner in which they have been deprived the proper amount of overtime compensation.

56. Other similarly situated employees of Waste Management have been victimized by Waste Management's patterns, practices, and policies—which are in willful violation of the FLSA.

57. The FLSA Collective Members are defined in Paragraph 36.

58. Waste Management's failure to pay its Waste Disposal Drivers—Plaintiff and FLSA Collective Members—for all hours worked and overtime at the proper rate results from generally

applicable policies and practices of Waste Management, and does not depend on the personal circumstances of the Plaintiff and FLSA Collective Members.

59. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

60. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

61. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated under the FLSA for all hours worked in excess of forty (40) hours per workweek.

62. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

63. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Waste Management will retain the proceeds of its violations.

64. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

65. Accordingly, the FLSA collective of similarly situated Plaintiff should be certified as defined as in Paragraph 36 and notice should be promptly sent.

**COUNT TWO**
**(Class Action Alleging Violations of the Arizona Act)**

**A.     ARIZONA ACT COVERAGE**

66. All previous paragraphs are incorporated as though fully set forth herein.

67. The Arizona Act Class is defined as:

**ALL WASTE DISPOSAL DRIVERS WHO WORKED FOR WASTE MANAGEMENT OF ARIZONA, INC. IN ARIZONA, AT ANY TIME FROM JANUARY 17, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Arizona Class" or "Arizona Class Members").**

68. At all times hereinafter mentioned, Waste Management has been an employer within the meaning of the Arizona Act, A.R.S. § 23-350(3).

69. At all times hereinafter mentioned, Plaintiff Ayala and the Arizona Class Members have been employees within the meaning of the Arizona Act, A.R.S. § 25-350(2).

**B.   FAILURE TO PAY WAGES IN ACCORDANCE WITH THE ARIZONA ACT**

70. All previous paragraphs are incorporated as though fully set forth herein.

71. Waste Management owes Plaintiff Ayala and the Arizona Class Members wages, as defined in section 25-350(7) of the Act, to compensate them for labor and services they provided to Waste Management in the furtherance of their job duties. *See* A.R.S. § 25-350(7), 351(C).

72. Plaintiff Ayala and other Arizona Class Members are not exempt from receiving overtime benefits under the Arizona Act.

73. Plaintiff Ayala and the Arizona Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Waste Management violated the Arizona Act by failing to pay Plaintiff and the Arizona Class Members for all of the hours they worked on its behalf, and for failing to pay the correct amount of overtime for all hours worked over forty (40) per week. *See* A.R.S. § 25-350(7), 351(C).

74. Plaintiff Ayala and the Arizona Class Members have suffered damages and continue to suffer damages as a result of Waste Management's acts or omissions as described herein; though Waste Management is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

75. The Arizona Act provides that Plaintiff Ayala and the Arizona Class Members are entitled to recover treble the amount of the unpaid wages. *See* A.R.S. § 25-355(A).

76. In violating the Arizona Act, Waste Management acted willfully, without a good faith basis and with reckless disregard of clearly applicable Arizona law.

77. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Arizona Act, is defined in Paragraph 67.

78. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Waste Management.

**C. ARIZONA ACT CLASS ALLEGATIONS**

79. Plaintiff Ayala brings his Arizona Act claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Waste Management to work in Arizona since January 17, 2018.

80. Class action treatment of Plaintiff Ayala's Arizona Act claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

81. The number of Arizona Class Members is so numerous that joinder of all class members is impracticable.

82. Plaintiff Ayala is a member of the Arizona Class, his claims are typical of the claims of the other Arizona Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other Arizona Class Members.

83. Plaintiff Ayala and his counsel will fairly and adequately represent the Arizona Class Members and their interests.

84. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

85. Accordingly, the Arizona Class should be certified as defined in Paragraph 67.

# VI.
# RELIEF SOUGHT

86. Plaintiff respectfully prays for judgment against Waste Management of Arizona, Inc. as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 36 and requiring Waste Management to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all FLSA Collective Members;

    b. For and Order certifying the Arizona Class as defined in Paragraph 67 and designating Plaintiff Ayala as the Class Representative of the Arizona Class;

    c. For an Order approving the form and content of a notice to be sent to all FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    d. For an Order pursuant to Section 16(b) of the FLSA finding Waste Management liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    e. For an Order pursuant to the Arizona Acts awarding the Arizona Class Members all damages allowed by law.

    f. For an Order awarding the costs of this action;

    g. For an Order awarding attorneys' fees;

    h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    i. For an Order awarding Plaintiff Ayala a service award as permitted by law;

    j. For an Order compelling the accounting of the books and records of Waste Management, at Waste Management's expense; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 17, 2019

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Federal I.D. No. 2338068
Texas Bar No. 24033039
geordie@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiff and the Putative Class Members***